GERALD A. SCHMITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitt v. Commissioner
Docket No. 17662-84.
United States Tax Court
T.C. Memo 1987-154; 1987 Tax Ct. Memo LEXIS 153; 53 T.C.M. (CCH) 421; T.C.M. (RIA) 87154; March 23, 1987. Gerald A. Schmitt, pro se. James M. Klein, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioner's 1981 and 1982 Federal income taxes in the amounts of $3,285.00 and $3,414.82, respectively. The issues for decision are: 1) whether payments, which petitioner made pursuant to a temporary court order, should be classified as child support instead of alimony; and 2) whether petitioner may deduct travel expenses as a business expense pursuant to section 162. [1]
For convenience, we have combined our findings of fact and opinion by issues. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated by this reference. Alimony/Child Support Payment
*155 FINDINGS OF FACT During 1981, petitioner and Barbara Schmitt separated, and the circuit court in Jefferson County, Wisconsin issued a temporary support order which required petitioner to make support payments through the clerk of the court. Said temporary order was as follows: TEMPORARY ORDER SUMMARY
Petitioner (signed) Barbara Schmitt Attorney (signed) Abraham HEARING DATE Respondent (signed) Gerald Schmitt Attorney (signed) Scheibel PET.
RESP.
X
To have custody of children * * *
X
To Pay: Family Support
Child Support X
Maintenance
X
To execute Wage Assignment pursuant to Section 767.265
Wis. Stats.
* * * During 1981, petitioner paid through the clerk of the court $6,070.82 as "support." [2]
On *156 his 1981 and 1982 Federal individual income tax returns, petitioner deducted $6,800 and $9,360, respectively, as alimony. OPINION During the years in issue, section 215 provided that a husband may deduct amounts, which he pays to his wife, if, pursuant to section 71, said amounts are includible in his wife's gross income. Section 71(a) provided that a wife's gross income includes periodic payments which she receives from her husband pursuant to a divorce decree or written instrument incident to divorce. Section 71(b) provided that section 71(a) shall not apply "to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as [child support]." [3] The payments are treated as alimony unless the decree or agreement expressly specifies the "percentage of the payment" or "portion of the payment" which is for child support. . The only issue with respect *157 to petitioner's payments is whether the payments should be classified as child support instead of alimony. Petitioner contends that the payments were alimony because the temporary order does not specifically fix the amount of child support. Respondent contends that the payments were child support because the temporary order specifies that the entire amount of the payments is child support. We agree with respondent. Although the temporary order does not "fix" a dollar amount as child support, it does indicate that petitioner was to make payments through the clerk of the court, and that said payments were for "Child Support." Nothing in the temporary order suggests that the payments were for anything but child support. Indeed, the temporary order provided spaces which earmark part of the payments for "Family support" or "Maintenance," but said spaces were left blank. The only space marked was the one for "Child Support." We find that the order specifically fixes the entire amount of the payments as child support. See Accordingly, respondent's determination is sustained. Travel Expense Deductions
FINDINGS OF FACT During *158 1981 and 1982, the years in issue, petitioner was an electrician and lived in Watertown, Wisconsin. On January 14, 1981, petitioner began a job to construct a nuclear power plant in Byron, Illinois. While petitioner worked on the project, he lived in a motel in Rockford, Illinois, a town which is approximately 15 miles from Byron. Each weekend, petitioner traveled to Watertown, a trip of approximately 70 miles. The power plant was scheduled to open in October 1984. The power plant, however, was not constructed as of that date, and petitioner was still working on the project as of June 1985. On his 1981 and 1982 Federal individual income tax returns, petitioner deducted travel expenses in the amounts of $10,950 and $7,004, respectively. In a notice of deficiency, respondent disallowed said deductions because petitioner's employment was for an "indefinite period." OPINION Section 162(a)(2) provides that a taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including traveling expenses while away from home. A taxpayer is "away from home" if his employment is temporary, rather than indefinite. *159 See . "Employment is considered temporary if it 'can be expected to last for only a short period of time.'" . Employment is not considered temporary, even if a particular project may or will terminate at some future date, if the project is expected to last for a substantial period of time. See and the cases cited therein. In the present case, the power plant was scheduled to be constructed between January 1980 and October 1984, a period of over four and a half years. Petitioner worked on the project from January 1980 through at least June 1985, a period of approximately five and a half years. The length of petitioner's expected and actual employment was substantial. Accordingly, we find that petitioner's employment was indefinite, not temporary. Petitioner states that the completion of the power plant was not in doubt and that the plant had a completion date. These statements do not make his employment temporary. As we stated supra, even if a particular project may or will terminate at some future *160 date, employment is not considered temporary if the project is expected to last for a substantial period of time. Here, petitioner's expected and actual employment were for a substantial period of time. Petitioner cites , for the proposition that a construction worker is always considered to be employed only temporarily. We do not agree with petitioner's reading of said case. In Frederick, a carpenter worked at an anti-ballistic missle project in Nekoma, North Dakota for approximately three years. The Eighth Circuit affirmed the district court's finding that Frederick's employment was temporary. The district court's finding, however, was based upon that case's particular facts and circumstances, including the fact that 1) the construction was dependent on the progress of the "Strategic Arms Limitations Talks," 2) construction sites in Boston, Massachusetts and Great Falls, Montana were halted and cancelled, respectively, 3) employment at the project was seasonal and all but a few of the carpenters would be laid off during the winter, and 4) over 80 percent of the carpenters were laid off during the first *161 winter. See . Accordingly, Frederick v. United States, does not stand for the proposition which petitioner sets forth, and it is factually distinguishable from the present case. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner concedes that, if we find that the payments were alimony, he is entitled to deduct only $6,070.82 on his 1981 Federal individual income tax return, not $6,800 which he originally deducted. Furthermore, although the record does not indicate what amount, if any, petitioner paid through the clerk of the court as "support" for 1982, substantiation of the 1982 deduction has not been raised as an issue.↩
3. The Tax Reform Act of 1984 modified the law with respect to alimony and child support. See section 71 and 215, as amended by sec. 422(a), Tax Reform Act of 1984, 98 Stat. 795.↩